# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME JOSE MENDOZA,<br><br>                          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                          Defendant. | Case No.: 16-cv-1603-AJB-KSC<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>(Doc. No. 17) |

Presently before the Court is Plaintiff Jaime Jose Mendoza ("Plaintiff") and Defendant Nancy A. Berryhill's ("Defendant") joint motion for approval of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) filed on October 31, 2017. (Doc. No. 17.) For the reasons set forth below, the Court **GRANTS** the parties' motion.

## **BACKGROUND**

On June 23, 2016, Plaintiff filed a complaint requesting judicial review of a final administrative decision of the Commissioner of Social Security denying Plaintiff disability insurance. (Doc. No. 1.) On October 31, 2016, Plaintiff filed a motion for summary judgment or motion for reversal and/or remand. (Doc. No. 10.) On December 21, 2016,

after a joint motion for extension of time to file was granted, Defendant filed her cross motion for summary judgment and opposition to Plaintiff's motion. (Doc. Nos. 11, 12, 13.)

On August 11, 2017, Magistrate Judge Karen S. Crawford filed a report and recommendation ("R&R") that recommended that the district court grant Plaintiff's motion for remand, deny Defendant's motion for summary judgment, and enter judgment in Plaintiff's favor. (Doc. No. 15 at 32.) On September 11, 2017, finding that no party had filed objections to Magistrate Judge Crawford's R&R, the district judge adopted the R&R in whole. (Doc. No. 16.) On October 31, 2017, the parties filed the present joint motion for attorney's fees. (Doc. No. 17.)

## DISCUSSION

Under the EAJA, prevailing plaintiffs are entitled to recover their attorneys' fees and costs unless the government's position was substantially justified, special circumstances would make an award unjust, or the application for fees is not timely filed. 28 U.S.C. §§ 2412(d)(1)(A), (1)(B); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Thus, once a party establishes its status as a prevailing party under the EAJA, a rebuttable presumption arises that it is entitled to an award of fees. *Meinhold v. U.S. Dep't of Defense*, 123 F.3d 1275, 1277–78, *amended by*, 131 F.3d 842 (9th Cir. 1997). Once a court finds that a party is entitled to attorneys' fees, it must then determine if the fee is reasonable. *Sneede by Thompson v. Coye*, 856 F. Supp. 526, 530 (N.D. Cal. 1994). This inquiry focuses on the reasonable number of hours expended and the appropriate hourly rate. *Id*.

Here, Plaintiff is the prevailing party as his motion for remand was granted in his favor. *See Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 782 (1989) (holding that a prevailing party is one that succeeds on "any significant issue in the litigation which achieves some benefit [they] sought in bringing the suit."). Thus, in the present case, there is no dispute that Plaintiff has "prevailed."

Next, as this is a joint motion, Defendant has not tried to demonstrate that the fees should be denied because the "position" of the United States was "substantially justified." *Oregon Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1331 (9th Cir. 1992). The Court

2

16-cv-1603-AJB-KSC

notes that there are also no special circumstances whereby the Court may deny fees to a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A).

The Court must now determine if the fee is "reasonable." Here, Plaintiff requests he be awarded attorneys' fees and costs in the amount of $5,000.00, which represents the compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action. (Doc. No. 17 at 2.) Though Plaintiff has failed to provide the Court with the number of hours expended in this litigation and their hourly rate, the Court finds that a fee of $5,000.00 is reasonable in general, and unopposed by defendant. *See Keo Laosouvanh v. Astrue*, No. CIV S-06-0589 DAD, 2009 WL 799122, at *2–5 (E.D. Cal. Mar. 24, 2009) (finding award of $9,740.00 in attorney's fees under the EAJA reasonable, based on the rational amount of time expended); *see also Barber v. Astrue*, No. CIV S-00-1286 WBS DAD, 2008 WL 2705147, at *3–5 (E.D. Cal. July 8, 2008) (finding a fee of $21,928.31 reasonable based on over 140 hours of attorney time spent at an hourly rate ranging from $142.00 to $167.00).

## CONCLUSION

Accordingly, and for good cause appearing, **IT IS HEREBY ORDERED** that:

(1) The joint motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) of the EAJA is **GRANTED** consistent with this order; and

(2) Fees will be made payable to Jaime Mendoza, but if the Department of the Treasury determines that Jaime Mendoza does not owe a federal debt, then the government will cause the payment of fees to be made directly to Matty Sandoval, pursuant to the assignment executed by Jaime Mendoza.

**IT IS SO ORDERED**.

Dated: November 8, 2017

Hon. Anthony J. Battaglia
United States District Judge